UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN,
TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND,
and NATHANIEL WATKINS,

                               Plaintiffs,

        -against-

CITY OF NEW YORK, TIMOTHY HOUSE, FRANK MONGE,
CHARLIE MCCOY, GREGORY SANTANA, E. PEREZ, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                               Defendants.

-----------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 0403 (JGK)

Jury Trial Demanded

Plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN

WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS, by their

attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as

follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff LISA WATKINS is a forty-five year old African American woman who resides in Manhattan, New York.

7.      Plaintiff SHENIAGIA WARREN is a twenty-six year old African American woman who resides in Manhattan, New York.

8.      Plaintiff CHARLES BROWN is a twenty-eight year old African American man who resides in Manhattan, New York.

9.      Plaintiff TYWAN WILLIAMS is a twenty-seven year old African American man who resides in Manhattan, New York.

10.     Plaintiff JARROD THOMPSON is a twenty-eight year old African American man who resides in Manhattan, New York.

11.     Plaintiff LOUI BOND is a thirty-one year old African American man who resides in Peekskill, New York.

12.     Plaintiff NATHANIEL WATKINS is a twenty-five year old African American man who resides in Manhattan, New York.

13.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

14.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

15.    That at all times hereinafter mentioned, the individually named defendants TIMOTHY HOUSE, FRANK MONGE, CHARLIE MCCOY, GREGORY SANTANA, E. PEREZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

17.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

18.    On October 21, 2009, at approximately 10:30 p.m., plaintiffs WARREN, BROWN, WILLIAMS, THOMPSON, BOND, and NATHANIEL WATKINS were lawfully present on the sixth floor of 100 West 142nd Street, New York, New York.

19.    The defendant NYPD police officers unlawfully entered the above private building, pointed guns at plaintiffs, placed over tight handcuffs on plaintiffs' wrists, and detained

3

plaintiffs on the sixth floor of said location.

20.     The defendant officers refused to loosen plaintiffs' handcuffs despite their requests. After approximately twenty minutes, the defendants escorted plaintiffs out of said location.

21.     Plaintiff LISA WATKINS is a co-owner of 100 West 42nd Street and the President of 100 West H.D.F.C., the managing agent of the building.

22.     When Plaintiff LISA WATKINS became aware of the other plaintiffs' arrests, she approached the defendant police officers on the fourth floor of the building, identified herself as co-owner and President of the building, and explained that all the plaintiffs were lawfully present in the building. The defendant officers ignored plaintiff LISA WATKINS' justification for the other plaintiffs' lawful presence in the building and continued to escort the plaintiffs out of the building.

23.     Plaintiff LISA WATKINS followed the defendant officers as they escorted the other plaintiffs down the stairs of the building. When plaintiff LISA WATKINS requested that the defendant officers retrieve the building's roof key from plaintiff NATHANIEL WATKINS so that she could lock the roof of the building, a defendant officer stated in sum and substance, shut up and get out of here. LISA WATKINS responded in a lawful manner. Without any lawful justification, the defendant officers thereafter grabbed plaintiff LISA WATKINS on the stairwell between the 2nd and 3rd floors, handcuffed her, and slammed her against a wall.

24.     The defendants transported all of the plaintiffs to in police custody to the NYPD's 32nd precinct stationhouse and imprisoned them therein.

25.     While imprisoned in the 32nd precinct, plaintiffs LISA WATKINS and SHENIAGIA WARREN were subjected to humiliating and unlawful strip searches. The

4

defendants compelled said plaintiffs to remove their clothing, spread their legs, squat and cough.

26. Early in the morning on October 22, 2009, the defendants issued plaintiffs BROWN and BOND desk appearance tickets and released said plaintiffs. Said desk appearance tickets compelled plaintiffs BROWN and BOND to appear in New York County Criminal Court. However, charges were never filed against said plaintiffs.

27. Later in the day on October 22, 2009, the defendants released plaintiffs WARREN, WILLIAMS, THOMPSON, and NATHANIEL WATKINS without filing any charges whatsoever against them.

28. The defendants imprisoned plaintiff LISA WATKINS until late in the evening of October 22, 2009, when she was released after her arraignment in New York County Criminal Court on baseless charges filed under docket numbers 2009NY081995; said charges having been filed based on the false allegations of defendant police officers. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff LISA WATKINS for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority and use of excessive force.

29. On March 11, 2010, after being compelled to return to court on approximately three occasions, all of the purported charges levied against plaintiff LISA WATKINS were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

30. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

31. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

5

screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

32.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the exigent circumstances required to enter private property; the treatment of innocent and/or uninvolved individuals who are found on private property, and the legality of subjecting an individual to a strip search when there reasonable individualized suspicion that the arrestee is concealing weapons or contraband is lacking.

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

6

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

36.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38.     All of the aforementioned acts deprived plaintiffs, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI

7

BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

45.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

46.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Upon information and belief, defendants entered plaintiffs LISA WATKINS, NATHANIEL WATKINS, and CHARLES BROWN'S home without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

8

49.     As a result plaintiffs LISA WATKINS, NATHANIEL WATKINS, and CHARLES BROWN'S right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

50.     As a result of the foregoing, plaintiffs LISA WATKINS, CHARLES BROWN, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (First Amendment Claim under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The acts of the defendants toward plaintiff LISA WATKINS were in retaliation for plaintiff WATKINS'S exercise of her First Amendment rights to freedom of speech and expression, and not in response to any unlawful acts of the plaintiffs.

53.     As a result of the aforementioned conduct of defendants, plaintiff WATKINS was subjected to retaliation for the exercise of her First Amendment rights.

54.     As a result of the foregoing, plaintiff LISA WATKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

9

## AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff LISA WATKINS's constitutional rights.

57.     As a result of the aforementioned conduct of defendants, plaintiff LISA WATKINS was subjected to excessive force and sustained physical and emotional injuries.

58.     As a result of the foregoing, plaintiff LISA WATKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants strip searched plaintiffs LISA WATKINS and SHENIAGIA WARREN in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

61.     Defendants thereby caused plaintiffs LISA WATKINS and SHENIAGIA WARREN to be deprived of their right to be free from unlawful strip searches.

62.     As a result of the foregoing, plaintiffs LISA WATKINS and SHENIAGIA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

10

reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants issued criminal process against plaintiffs LISA WATKINS, CHARLES BROWN, and LOUI BOND by causing their arrest and issuing criminal process compelling their appearance in New York County Criminal Court.

65.     Defendants caused plaintiffs LISA WATKINS, CHARLES BROWN, and LOUI BOND to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and use of excessive force, and thereby violated plaintiff's right to be free from malicious abuse of process.

66.     As a result of the foregoing, plaintiffs LISA WATKINS, CHARLES BROWN, and LOUI BOND are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

67.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The defendants falsely arrested plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other

11

NYPD officers.

69.     As a result of the foregoing, the plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

70.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

71.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

73.     As a result of the foregoing, the plaintiffs were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

74.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this

12

action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

75.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants had an affirmative duty to intervene on behalf of plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS, whose constitutional rights were being violated in their presence by other officers.

77.     The defendants failed to intervene to prevent the unlawful conduct described herein.

78.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing, illegal searches, and other physical restraints.

79.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

80.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

82.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

83.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

85.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting people without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals; arresting people without

14

probable cause merely based on their presence at the location of a search; unlawfully gaining access to private buildings; and illegally strip searching people in the absence of reasonable individualized suspicion that the individual was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

86.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

87.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

88.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

89.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs were falsely arrested, and maliciously prosecuted.

90.     Defendants, collectively and individually, while acting under color of state law,

15

were directly and actively involved in violating plaintiffs' constitutional rights.

91.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from illegal entry into home;

      C.    To be free from false arrest/unlawful imprisonment;

      D.    To be free from the excessive use of force;

      E.    To be free from unlawful strip searches;

      F.    To be free from malicious abuse of process;

      G.    To be free from the failure to intervene;

      H.    To be free from retaliation for the exercise of First Amendment rights;

      I.    To receive equal protection under law.

92.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

93.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Within ninety (90) days after the claim herein accrued, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD

THOMPSON, LOUI BOND, and NATHANIEL WATKINS duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

95.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

96.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

97.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendants arrested plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS without probable cause.

100.    Plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS were detained against their will for an extended period of time and subjected to physical restraints.

101.    As a result of the aforementioned conduct, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON,

17

LOUI BOND, and NATHANIEL WATKINS were unlawfully imprisoned in violation of the laws of the State of New York.

102.     As a result of the aforementioned conduct, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

103.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

104.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.     As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS were placed in apprehension of imminent harmful and offensive bodily contact.

106.     As a result of defendant's conduct, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI

BOND, and NATHANIEL WATKINS have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

107.    As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(<u>Battery under the laws of the State of New York</u>)

108.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendants made offensive contact with plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS without privilege or consent.

110.    As a result of defendants' conduct, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

111.    As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Unlawful Strip Search under the laws of the State of New York)

112.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   Plaintiffs LISA WATKINS and SHENIAGIA WARREN were unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time he was searched.

114.   As a result of defendants' conduct, plaintiffs LISA WATKINS and SHENIAGIA WARREN have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

115.   As a result of the foregoing, plaintiffs LISA WATKINS and SHENIAGIA WARREN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

116.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   The aforementioned conduct was extreme and outrageous, and exceeded all

20

reasonable bounds of decency.

118.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

119.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

120.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS.

121.   As a result of the aforementioned conduct, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

122.   As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

123.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and search of plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS.

125. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

126. As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

127. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and search of plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and

22

NATHANIEL WATKINS.

129. As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

130. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131. Plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132. As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

133.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

135.    As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §11)

136.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    As a result of defendants' conduct, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS, were deprived of their right to equal protection of laws.

138.    As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA

WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI

BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in

an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this

action.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

139. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "138" with the same force and effect as if fully set forth

herein.

140. As a result of defendants' conduct, plaintiffs LISA WATKINS, SHENIAGIA

WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI

BOND, and NATHANIEL WATKINS, were deprived of their right to security against

unreasonable searches, seizures, and interceptions.

141. As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA

WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI

BOND, and NATHANIEL WATKINS are entitled to compensatory damages in amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in

an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this

action.

142. As a result of the foregoing, plaintiffs LISA WATKINS, SHENIAGIA

WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI

BOND, and NATHANIEL WATKINS are entitled to compensatory damages in an amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 8, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
        BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN, TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND, and NATHANIEL WATKINS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

LISA WATKINS, SHENIAGIA WARREN, CHARLES BROWN,
TYWAN WILLIAMS, JARROD THOMPSON, LOUI BOND,
and NATHANIEL WATKINS,

                                        Plaintiffs,

                                                                    11 CV 0403 (JGK)

            -against-

CITY OF NEW YORK, TIMOTHY HOUSE, FRANK MONGE,
CHARLIE MCCOY, GREGORY SANTANA, E. PEREZ, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------------X


                          **AMENDED COMPLAINT**

                     **LEVENTHAL & KLEIN, LLP**
                       Attorneys for the Plaintiffs
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                            (718) 722-4100